## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cr-00092-TWP-TAB |
| | ) | |
| TERRANCE FERGUSON, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON DEFENDANT'S FIRST MOTION *IN LIMINE*

This matter is before the Court on a Motion *in Limine* filed by Defendant Terrance Ferguson ("Ferguson") (Filing No. 84). Ferguson is charged with Count One: Possession With Intent to Distribute Marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), Count Two: Carrying a Firearm During and In Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1), and Counts Three and Four: Unlawful Possession of a Firearm By a Prohibited Person in violation of 18 U.S.C. §§ 922(g)(2)-(3).  For the following reasons, the Court **grants in part and denies in part** Defendant's First Motion *in Limine*.

## I.     LEGAL STANDARD

"[J]udges have broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  The court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context.  *Id.* at 1400–01. Moreover, denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pretrial stage, the court is unable to determine whether the evidence should be excluded.  *Id.* at 1401.

## II.   **DISCUSSION**

Ferguson seeks a preliminary ruling from the Court regarding the exclusion of evidence regarding his prior convictions, arrests, and any other bad acts and specific acts of misconduct. (Filing No. 84 at 1.)  Specifically, he seeks a ruling on three types of evidence: (1) to exclude any witness or exhibit implying Ferguson had bad character and therefore is guilty, including allegations that he participated in the sale of firearms not related to the indictment and arrests involving Ferguson subsequent to his arrest on the instant Indictment; (2) limit the Government to introducing relevant evidence of Ferguson's criminal recording supporting the specific charges alleged in the Indictment as Ferguson has not agreed to stipulate that he was a "fugitive of justice"; and (3) preclude the Government from offering into evidence the allegation that the firearm was stolen, reported stolen, or where Ferguson purchased the firearm.  *Id.* at 1-2.

In response, the Government first concedes that it does not intend to introduce evidence of prior bad acts under Federal Rule of Evidence 404(b), but reserves the right to introduce evidence if Ferguson opens the door to relevant issues.  (Filing No. 90 at 1.) This portion of the Motion in Limine is **granted**.

Second, the Government understands that Ferguson has rejected a stipulation regarding being a fugitive from justice and understands that the burden remains on the Government to prove the elements of the four charged offenses beyond a reasonable doubt.  *Id.*  At the final pretrial conference, the Government stated it intends to offer into evidence jail telephone calls in which Ferguson allegedly discussed his arrest with his brother, discussed that he could not disguise the odor of marijuana from the vent where he had hidden it, because it was too loud. And he also discussed how the police had found his firearm hidden in the vent, as well.

It appears that Ferguson seeks only to exclude evidence in the jail call that he was a fugitive from justice. Because the Government raises no specific objections to this portion of the Motion

*in Limine* it is **granted**; however, this is a preliminary ruling and if the Government believes that Ferguson opens the door to relevant evidence, it may raise it at that time.

Finally, in response to Ferguson's last request, the Government responds that evidence a firearm is stolen is a factor the trier of fact can use to determine if the firearm was used in connection to a drug trafficking crime. *Id.* at 2 (citing *United States v. Seymour*, 519 F.3d 700, 715 (7th Cir. 2008)). The Government argues that evidence regarding whether the firearm was stolen is relevant and should be admitted. The Court agrees with the Government. Whether a gun is stolen is a relevant factor the trier of fact may use to distinguish between mere possession of a gun and possession in furtherance of a drug crime. *See United States v. Thomas*, 970 F.3d 809, 817 (7th Cir. 2020). The Court further determines that evidence concerning the firearm being stolen would not be more prejudicial than its probative value. This portion of Ferguson's Motion *in Limine* is **denied**.

### III.    CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Ferguson's First Motion *in Limine* (Filing No. 84). An order *in limine* is not a final, appealable order. If the parties believe that evidence excluded by this Order becomes relevant or otherwise admissible during trial, counsel may approach the bench and request a hearing outside the presence of the jury. Likewise, if the parties believe that specific evidence is inadmissible during the trial, counsel may raise specific objections to that evidence.

**SO ORDERED**.

Date:  2/2/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Charles C. Hayes
HAYES RUEMMELE LLC
charles@chjrlaw.com

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
pamela.domash@usdoj.gov

Jayson W. McGrath
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jayson.mcgrath@usdoj.gov