UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-cr-00092-TWP-TAB |
| ) | |
| TERRANCE FERGUSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING DEFENDANT'S MOTIONS
TO DISMISS AND MOTIONS TO SUPPRESS**

This matter is before the Court on two Motions to Dismiss and Motions to Suppress filed by *pro se* Defendant Terrance Ferguson ("Ferguson") (Dkts. 106, 107). Ferguson is charged by Indictment with Count 1: Possession with Intent to Distribute Marijuana, pursuant to 18 U.S.C. §§ 841(a)(1), (b)(1)(D); Count 2: Carrying a Firearm During and in Relation to a Drug Trafficking Crime, pursuant to 18 U.S.C. § 924(c)(1); Count 3: Unlawful Possession of a Firearm by a Prohibited Person, pursuant to 18 U.S.C. §§ 922(g)(3); and Count 4 Unlawful Possession of a Firearm by a Prohibited Person, pursuant to 18 U.S.C. §§ 922(g)(2). (Dkt. 13.) Ferguson asks the Court to dismiss the charges pending against him and to suppress all evidence obtained by the Government as a result of an illegal traffic stop. Pursuant to Federal Rule of Criminal Procedure 12(d), the Court states its findings of fact and conclusions of law and determines that the Motions to Dismiss and Suppress should be **denied**.

## I.   FINDINGS OF FACT

The Government argues that Ferguson's motions should be denied without a hearing. The Court concurs. There are no material factual disputes to be resolved regarding the Motions, so no evidentiary hearing is necessary. ("District courts are required to conduct evidentiary hearings

only when a substantial claim is presented and there are disputed issues of material fact that will affect the outcome of the motion.")  *United States v. Curlin*, 638 F.3d 562, 564 (7th Cir. 2011); *see also United States v. Moreland*, 703 F.3d 976, 981–82 (7th Cir. 2012).

On February 6, 2020, Indianapolis Metropolitan Police Department officers observed a motor vehicle which they paced at traveling 50 miles per hour in a 35 miles per hour zone on North Lynhurst Drive in Indianapolis, Indiana. (Dkt. 106 at 1.) Officers also observed the vehicle cross into the left lane from the right lane without using a turn signal. *Id*. The officers who were driving a fully marked police vehicle activated their lights and siren and stopped the vehicle. *Id.* Upon approaching the vehicle, officers observed the windows were extremely tinted. *Id*. The sole occupant, later identified as Terrance Ferguson, rolled down three of the vehicle's windows. *Id*. As the windows were rolled down, officers smelled a "strong odor of raw marijuana omitting from inside the vehicle." *Id*. Officers informed Ferguson that they stopped him for speeding, and Ferguson responded that he was speeding because he had to go around the vehicle in front of him. *Id*. Officers then asked Ferguson to exit the vehicle, placed him in handcuffs and explained that the vehicle smelled of marijuana. *Id*. Ferguson stated that he had just recently smoked marijuana and he did not have any marijuana inside the vehicle. *Id*. The officers advised Ferguson of *Pirtle* and asked him for consent to search the vehicle.[1]  Ferguson stated the officers could search and informed them there was nothing in the vehicle. The officers searched Ferguson's vehicle and in a compartment behind a knob near the dashboard, discovered a loaded Glock pistol, individual baggies of marijuana, and a working digital scale in a small cup. (Dkt. 108 at 9, Dkt. 2 at 3.)

---

[1] *Pirtle* holds that "a person who is asked to give consent to search while in police custody is entitled to the presence and advice of counsel prior to making the decision whether to give such consent." *Pirtle v. State*, 323 N.E.2d 634 (Ind. 1975).

Ferguson was arrested and transported to jail. Shortly after his arrest, Ferguson made a telephone call from the jail. (Dkt. 108-1.) In that call, Ferguson spoke about the circumstances of his arrest and admitted to speeding. *Id*., at 06:45. Specifically, he said:

> N****, going down Lynhurst, man… and then what f***** around and had happened was somebody was going slow in front of me so I jumped around them and I ended up getting up to 55, n****, but no police wasn't around, n****, I had slowed down and everything… then by the time I got up to the side of the police station I saw red and blue lights you know what I'm saying… and then I had all the stuff hid, you know what I'm saying, that damn weed was too loud they smelled that s*** in my vent… (obscenities redacted).

The Government filed a criminal complaint against Ferguson for being a Prohibited Person in Possession of a Firearm, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. (Dkt. 2.) He was indicted for these offenses on March 11, 2020, and additionally charged with Possession with Intent to Distribute Marijuana. (Dkt. 13.) After unsuccessfully moving to terminate his fourth counsel (*see* Dkts. 5, 54, 63 and 71), Ferguson elected to represent himself. The Court conducted a *Faretta* hearing on February 23, 2022, and after cautioning him of the hazards of self-representation, found Ferguson to have knowingly and voluntarily waived his right to counsel. (Dkt. 97.) His prior attorney was appointed as stand-by counsel. *Id*. Ferguson then filed the current Motions to Dismiss and Motions to Suppress, challenging the constitutionality of the traffic stop because the officers lacked probable cause (Dkts. 106 and 107).

## II.  CONCLUSIONS OF LAW

**A.  Motion to Dismiss**

Rule 12(b) of the Federal Rules of Criminal Procedure provides the mechanism for a defendant to seek dismissal of an indictment. As noted by the Government in their brief, recognized reasons for such a motion include defects in the prosecution, such as improper venue, preindictment delay, a violation of speedy trial rights, selective or vindictive prosecution, or an

error in the grand jury proceeding or preliminary hearing. Fed. R. Crim. P. 12(b)(3)(A). (Dkt. 108 at 5.) Additionally, claims of defect in the indictment itself are recognized, such as duplicity and/or multiplicity of charging, lack of specificity, improper joinder, or failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B). *Id*.

**B.** **Motion to Suppress**

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." The Fourth Amendment prohibits a warrantless search unless the search falls under one of the recognized exceptions to the warrant requirement. *United States v. Denney*, 771 F.2d 318, 320 (7th Cir. 1985). One of those exception is the automobile exception, which "allows law enforcement to conduct a warrantless search of a vehicle if there is probable cause to believe the vehicle contains contraband or evidence of a crime." *United States v. Williams,* 627 F.3d 247, 251 (7th Cir. 2010). When there is probable cause to search a vehicle, law enforcement may search "all parts of the vehicle in which contraband or evidence could be concealed, including closed compartments, containers, packages, and trunks." *Id.* (citing *United States v. Scott*, 516 F.3d 587, 589 (7th Cir. 2008); *Ross*, 456 U.S. at 823–824.

If a search is conducted without a warrant, the government bears the burden to prove that an exception to the warrant requirement existed at the time of the search, or it will be deemed unreasonable and unconstitutional. *United States v. Rivera*, 248 F.3d 677, 680 (7th Cir. 2001). When an officer effectuates a traffic stop and detains a person, no matter the length of time, it constitutes a "seizure" of "persons" under the Fourth Amendment, and thus must be reasonable. *Whren v. United States*, 517 U.S. 806, 810 (1996). The court in *Whren* explained that "[a]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Id*., also, *see United States v. Jackson*, 962

4

F.3d 353, 357 (7th Cir. 2020) (reasonable suspicion of a traffic violation provides a sufficient basis to justify a traffic stop.).

### III.  DISCUSSION

In both of his nearly duplicate Motions to Dismiss and to Suppress, Ferguson argues the traffic stop that led to his arrest was illegal. Specifically, he challenges the officers' veracity in the probable cause affidavit, the methods used to determine whether he was speeding, and whether probable cause for the traffic stop existed and sufficiency of the affidavit. Specifically, he asserts the charges should be dismissed and argues regarding the officer who stopped him: "how did she know I was speeding and what tactic did she use to prove I was speeding and I never got a citation for a traffic violation…". (Dkt. 106 at 2, Dkt. 107 at 1-3). He asks if officers saw him make two traffic violations, why didn't they stop him until after he had traveled "half a mile up the street approaching the Speedway Police department." (Dkt. 106 at 2). Ferguson argues that all the evidence from the traffic stop should be suppressed because "the probable cause affidavit lacked significant portions of relevant information" (Dkt. 106 at 4), and "a good amount of information is missing from the probable cause affidavit." (Dkt. 107 at 4).

In response, the Government points out that Ferguson cites no legal basis for the Court to support dismissal of the charges and asserts that "his arguments are waived, undeveloped, or otherwise inadequate." (Dkt. 108 at 4). "Even as a *pro se* litigant, whose pleadings are construed broadly, Ferguson still fails to develop any argument whatsoever and has waived this issue." *Id*. Concerning the motions to suppress, the Government notes that speeding is a valid reason for a traffic stop and what ensued during the investigation was entirely reasonable and consistent with the Fourth Amendment. *Id*. The Government argues that "Ferguson actually does not articulate any illegal action on the part of the police", rather, "[h]e simply disagrees with tactics and a lack

5

of paperwork." *Id*. Additionally, the Government contends that Ferguson's own words immediately following his arrest undercut the veracity of his claims. *Id*.

The Government is correct, Ferguson offers no independent analysis of how a Rule 12 dismissal applies to this case and this failure effectively waives this argument. *See M.G. Skinner & Assocs. Ins. Agency, Inc. v. Norman-Spencer Agency, Inc*., 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."); *Puffer v. Allstate Ins. Co*., 675 F.3d 709, 718 (7th Cir. 2012) ("[I]t is the parties' responsibility to allege facts and indicate their relevance under the correct legal standard.") (internal quotation marks omitted).

Moreover, dismissal is not warranted on the merits.  Neither the fact that different officers conducted the stop or that they did not disclose how they determined that he was speeding, or why they waited a half mile before pulling him over,  are sufficient arguments to challenge the validity of the traffic stop.  Ferguson does not dispute the statements attributed to him in the probable cause affidavit, including that he openly admitted at the time of the stop and in his jail call conversation that he was speeding, so the method used to detect his speed is irrelevant.  Here, Ferguson admitted that "somebody was going slow in front of me so I jumped around them and ended up getting up to 55" in a 35 mile per hour zone. (Dkt. 108 at 8.)  Since speeding is a traffic violation, any officer who reasonably believed that Ferguson was speeding has established probable cause to support the traffic stop.  As such, Ferguson's probable cause challenge is meritless.

And even if he had not admitted to speeding, Ferguson still does not establish that the officers lacked probable cause in conducting this traffic stop and ultimate search of his vehicle. The United States Supreme Court has found that "[w]hen a police officer reasonably believes that a driver has committed even a minor traffic offense, probable cause supports the stop." *U.S. v.*

*Garcia-Garcia*, 633 F.3d 608, 612 (7th Cir. 2011) (citing *Whren v. United States*, 517 U.S. 806, 819 (1996)).  Since the traffic stop is supported by probable cause, Ferguson's Motions to Dismiss based on challenges to the probable cause affidavit are **denied**.

Ferguson's Motion to Suppress is based on the same premise, that the officers did not have probable cause to conduct the traffic stop.  It has been established that the officers had probable cause to make the traffic stop.  But the Court must also determine whether probable cause existed to search the vehicle. "Probable cause exists when the circumstances 'indicate a reasonable probability that evidence of a crime will be found in a particular location; neither an absolute certainty nor even a preponderance of the evidence is necessary.'" *United States v. Lickers*, 928 F.3d 609, 617 (7th Cir. 2019) (citing *United States v. Aljabari*, 626 F.3d 940, 944 (7th Cir. 2010)).

During the traffic stop, after officers told him they smelled an odor of marijuana, Ferguson volunteered that he had just smoked marijuana, but no marijuana would be found in his car.  (Dkt. 106 at 1.)  His admission was clearly evidence of criminal activity, and probable cause to search the vehicle.  In addition, Ferguson does not dispute the odor of burnt or raw marijuana, as he stated during the jail call that "I had all the stuff hid, you know what I'm saying, that damn weed was too loud they smelled that s*** in my vent…".  (Dkt. 108-1). *See*, *United States v. Franklin*, 547 F.3d 726, 733 (7th Cir. 2008) ("A police officer who smells burning marijuana coming from a car has probable cause to search that car."). *See also*, *United States v. Mosby*, 541 F.3d 764, 768-69 (7th Cir. 2008) (citing cases); *United States v. Cherisme*, 854 Fed.Appx. 447, 447-48 (3d Cir. 2021); *United States v. Johnson*, 445 F. App'x 311, 312 (11th Cir. 2011); *United States v. Bettis*, 946 F.3d 1024, 1026 (8th Cir. 2020).  Ferguson's statements as well as the officers' undisputed detection of the odor of marijuana after they made the stop provide more than sufficient probable cause to

search the vehicle.[2]  Because officers had probable cause to search Ferguson's vehicle, the search was constitutional and suppression is not warranted.

### IV.   ORDER

As noted above, the Government bears the burden of showing that the stop and search were reasonable under the totality of the circumstances.  For the reasons explained above, the Court determines the Government has met its burden.  Accordingly, the Motions to Dismiss and to Suppress, Dkt. [106] and Dkt. [107] are **DENIED**.

**SO ORDERED.**

Date:   5/5/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Terrance Ferguson, #17471-028
Floyd County Jail
311 Hauss Square
New Albany, Indiana  47150

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
pamela.domash@usdoj.gov

Jayson W. McGrath
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jayson.mcgrath@usdoj.gov

Charles C. Hayes, Standby Counsel
HAYES RUEMMELE LLC
charles@chjrlaw.com

---

[2] Ferguson does not dispute that he consented to the search of the vehicle. However, the Court need not provide analysis on this issue because even without his consent, officers had probable cause to search the vehicle.