UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 1:20-cr-00092-TWP-TAB |
| ) | |
| TERRANCE FERGUSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO RELEASE DEFENDANT PENDING TRIAL**

This matter is before the Court on Defendant Terrance Ferguson's ("Ferguson") *Pro Se* Motion to Reconsider Pre-Release Detention (Dkt. 113). In his Motion, Ferguson asks the Court to revisit his detention status because information exists that was not known at the time of the original detention order. For the reasons stated below, the Motion is **denied**.

## I. FINDINGS OF FACT

During a traffic stop on February 6, 2020, officers noticed the odor of burnt and raw marijuana coming from a vehicle driven by Ferguson. (Dkt. 2 at 3.) Believing that they had probable cause, officers searched the vehicle, and located an after-market void by the headlight knob. *Id*. Within the void, an officer found bagged marijuana, a scale, a measuring cup, and a handgun loaded with fourteen (14) 9mm rounds. *Id*. Officers also located several plastic baggies within the passenger compartment. *Id*. Further investigation revealed that the firearm had been stolen. *Id*. at 4. Officers allege that Ferguson admitted to purchasing the handgun on the street, and admitted knowledge that he had active warrants from the State of Kentucky. *Id*.

Ferguson was arrested for being a Prohibited Person in Possession of a Firearm, in violation of Title 18, United States Code, Section 922(g)(3) and (g)(2), as well as Possession of a Firearm in

Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c). (Dkt. 2 at 1.) At his February 11, 2020 initial hearing, the Government moved for Ferguson's pretrial detention. (Dkt. 8.) In advance of his detention hearing, the United States Probation Office prepared a Pretrial Services Report. (Dkt. 10.) Ferguson reported that he was born in Greenwood, Mississippi and had been living in the Indianapolis, Indiana area for only six months. He reported renting a home and residing with his brother, his brother's girlfriend, and his brother's children. *Id*. at 1-2. Ferguson reported that his mother, three brothers and three sisters live in Indianapolis, but that his father, two brothers, two children (and their respective mothers), and a sister live outside of the Southern District of Indiana. *Id*. at 1. He reported weekly use of cannabinoids since he was 18 years old, but Ferguson's brother claimed that Ferguson's usage was more like daily. *Id*. at 3. His criminal history was minimal. Ferguson had been granted a diversion on misdemeanor drug charges in 2016, and in that year was also fined for traffic infractions; however, warrants were issued in these cases and had been active for over three years prior to the instant offense. *Id*. at 2.

A detention hearing was held before the Magistrate Judge in which the Court denied the Government's motion for pretrial detention, and Ferguson was ordered released with specific conditions. (*See* Dkts. 11, 12.) Condition No. 1 was that Ferguson does not violate a federal, state, or local law while on release. (Dkt. 11, at 1.) Additionally, Condition No. 7(m) ordered him not to use or unlawfully possess a narcotic drug or other controlled substances unless prescribed by a licensed medical practitioner. *Id*. at 2.

On July 23, 2020, Ferguson admitted to (unintentionally) using cannabinoids, and the Court took no action. (Dkt. 32.) On November 10, 2020, Ferguson submitted a urinalysis sample which tested positive for THC metabolite and it was alleged that Ferguson had provided three (3) diluted

2

urine specimens over the course of four months. (Dkt. 38.) He again denied any illegal drug use and a violation hearing was held on January 7, 2021. At the hearing, Ferguson admitted to using marijuana and the Court ordered a sanction of 20 hours of community service. (Dkt. 42.)

On April 12, 2021, Ferguson was arrested for Dealing in Marijuana, and Possession of Marijuana and charged in state court under cause number 49D24-2104-CM-011192. (Dkt. 46.) In that case, Ferguson was investigated for suspicion of dealing in marijuana, and subsequently pulled over for a traffic violation. (Dkt. 115 at 4.) During the investigation, officers with the Indianapolis Metropolitan Police Department ("IMPD") located 29 to 30 grams of marijuana, numerous sandwich baggies, a live round of ammunition, and $345.00 in cash on Ferguson's person. *Id*. A petition for action was filed and this Court ordered a warrant for Ferguson's arrest on April 16, 2021. (Dkt. 47.) Before the warrant took effect, Ferguson was released from state custody. Two weeks later, he was arrested for Dealing in Marijuana and Possession of Marijuana on April 24, 2021. (Dkt. 115-3.) Incident to his arrest in the April 24, 2021 case, Ferguson was searched, and an IMPD officer allegedly found approximately 67 grams of marijuana in a bag on Ferguson's person—with two smaller bags within the larger bag—as well as a digital scale with residue. *Id*. at 3-4. By the time charges were filed in state court (under Cause 29D24-2104-CM-012715), the federal warrant was active, and Ferguson remained in custody pending a hearing. (*See* Dkt. 50.)

Ferguson appeared before the Magistrate Judge on May 3, 2021, for a pretrial release violation hearing. The Magistrate Judge found probable cause that Ferguson committed criminal offenses, revoked Ferguson's pretrial release conditions, and ordered him detained. (Dkts. 56, 57.)

On April 18, 2022, Ferguson filed the instant *Pro Se* Motion to Reconsider Pre-Release Detention (Dkt. 113). Ferguson seeks release on three bases: (1) the cases for which he was arrested in April 2021 had been dismissed; (2) a lack of criminal history, particularly violent history; and

(3) the difficulties of self-representation as an incarcerated *pro se* litigant. *Id*. at 1-2. On May 5, 2022, the Government filed a Response in opposition (Dkt. 115). Neither party requests a hearing and the Court determines that none is necessary. A decision can be made based on the record.

## II.  CONCLUSIONS OF LAW

Pursuant to the Bail Reform Act, a detention hearing may not be re-opened unless the judicial officer finds, "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person…". *See* 18 U.S.C. § 3142(f)(2). The Court will grant Ferguson's request and consider his newly presented evidence and argument to determine whether detention is appropriate.

In determining whether there are conditions of release that will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must take into account the following factors under 18 U.S.C. § 3142(g):

>   (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;
>   (2) the weight of the evidence against the person;
>   (3) the history and characteristics of the person, including—
>   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>   (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g)(1)-(3)(A), (B), and (4).

The court may order revocation of previously granted release conditions. 18 U.S.C. § 3148. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is probable cause to believe that the person has committed a federal, state, or local crime while on release, and either (A) after an analysis of § 3142(g) factors, there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community, or (B) the person is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b)(1) and (b)(2).

### III. DISCUSSION

In his Motion, Ferguson first alleges a changed circumstance in that the state court charges have been dismissed. In his Motion, Ferguson states that he was "arrested in Marion County for possession of marijuana, a class "B" misdemeanor and dealing in marijuana, a class "A" misdemeanor and after sitting about 4 months, the state dropped and dismissed all charges." (Dkt. 113 at 1.) Ferguson is correct that both of the state court cases were dismissed for "Evidentiary Problems" on or about August 25, 2021. (Dkts. 115 at 7-8, 115-2, 115-3.) He then points out that his criminal history is minimal with no arrest for violence, he professes that he is not a danger to the community and there is no risk of flight. *Id*. at 2. Finally, he argues that since he has gone "pro-se", his resources are limited to properly defend himself while he is in custody. *Id*. Ferguson requests release and GPS monitoring and assures the Court that he is serious about his recovery and there will be no further violations. *Id*.

In response, the Government argues that Ferguson should remain detained pending his trial. The Government recognizes that its burden is to establish by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(f). The Government argues that Ferguson's offense

conduct--prohibited person in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime--his performance on pretrial release, and application of § 3142(g) factors at this time clearly show the need for his continued detention pending trial. The Government argues the officer's discoveries within Ferguson's vehicle—coupled with Ferguson's admissions—show that the weight of the evidence against him is strong. 18 U.S.C. § 3142(g)(2).

The Government asserts that Ferguson has performed poorly on pretrial release. He had three suspected violations of controlled substance use, (Dkts. 32, 34, and 38), and was actively engaged in criminal behavior. (*See* Dkt. 115-2 and 115-3; Dkts. 46 and 50.) The Government argues that regardless of the dismissal reasons by the state court, review of the probable cause affidavits in both cases clearly show ongoing illegal activity on Ferguson's part and this pattern of conduct shows not only that Ferguson is a danger to the community, but also that he is unlikely to abide by any condition or combinations of condition if released. (Dkt. 115 at 7-8.)

With respect to Ferguson's assertions that his *pro se* status has hindered his ability to work on his defense, the Government points out that the Court advised Ferguson—who was in custody at the time— of the hazards of self-representation, and Ferguson stated he understood those hazards. (Dkt. 105.) He knowingly and voluntarily chose to waive his right to counsel. *Id*. Ferguson chose to represent himself with eyes wide open as to his right to counsel and his disadvantages as an in-custody and *pro se* litigant.

The Court acknowledges that Ferguson has a minimal criminal history and no prior arrests or convictions for crimes of violence; however, criminal history is just one factor that the Court considers in determining detention. The Court finds that despite the change in circumstances since his revocation hearing—the dismissal of the state court charges—detention remains appropriate in accordance with the factors set forth in 18 U.S.C. § 3142(g). The Government has presented

sufficient evidence that Ferguson presents a danger to the community if released. The probable cause determination concerning Ferguson's failure to comply with conditions of release and the nature of the charges against him, convince this Court by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community if he were released. Specifically, the Court has considered the strong weight of evidence against Ferguson (including his alleged admissions), the pattern of continuing misconduct while on supervised release (three suspected violations of controlled substance use and the probable cause determination that he was actively engaged in criminal behavior), all of which shows that Ferguson is unlikely to abide by any condition or combinations of condition if he is again released.

Unfortunately for Ferguson, the fact that his *pro se* status has hindered his ability to work on his defense has no bearing on the Court's decision concerning detention. The provisions of § 3142 and § 3148 make no mention of a person's representation status—the statutes' only concerns are ensuring the safety of the community, appearance in court, and adherence to release conditions. The Court warned Ferguson of the hazards of self-representation and has appointed standby counsel. Standby counsel may be able to provide assistance or direction as Ferguson prepares for trial. Since Ferguson was represented by counsel at the February 1, 2022 final pretrial conference, the Court will schedule a status conference prior to the June 8, 2022 trial date to discuss trial procedure, the role of standby counsel and other pretrial matters Ferguson might want to raise.

## IV.  ORDER

The Government has proffered sufficient bases for the continued detainment of Ferguson and has shown by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community if he were released. For

the reasons stated above, Ferguson's Pro Se Motion to Reconsider Pre-Release Detention, Dkt. [113], is **DENIED**.

Ferguson remains remanded to the custody of the United States Marshal pending jury trial on June 8, 2022.

    **SO ORDERED.**

Date: 5/10/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Terrance Ferguson, #17471-028
FLOYD COUNTY JAIL
311 Hauss Square
New Albany, Indiana  47150

Charles c. Hayes-Standby Counsel
HAYES RUEMMELE LLC
charles@chjrlaw.com

Jayson W. McGrath
UNITED STATES ATTORNEY'S OFFICE
jayson.mcgrath@usdoj.gov

Pamela S. Domash
UNITED STATES ATTORNEY'S OFFICE
pamela.domash@usdoj.gov